Woodruff, J.
The defendants move for leave to file a supplemental answer herein, settingup in barof the plaintiff’s action a judgment rendered in one of the courts of the State of Louisiana, and alleged to be, by the laws of that State, conclusive against the plaintiff. It appears by the papers submitted, that this is an action brought by the plaintiff to recover the value of certain goods taken by the defendants on an attachment issued in New Orleans against a third person in the possession of the goods. That the plaintiff claims that the goods were his property and not the property of the defendant in the attachment.
By a proceeding authorized by the laws of Louisiana, the present plaintiff, in that State, after the seizure, interposed a claim to the goods attached, asserting title thereto. His claim, as intervenor, was put in issue and brought to trial, together with the principal suit in which the attachment was issued} but the *640 plaintiff, so intervening, offered no proof of title and submitted to a nonsuit, and judgment bf nonsuit was accordingly entered against him.
This judgment was entered since the answer of the defendants in this action was put in.
If the judgment of nonsuit so entered in the Louisiana Court is conclusive, by the laws of Louisiana, against the plaintiff# (the intervenor there,) then it is -obvious that .had it been rendered before the answer in this action was put in, and had it been set up by the defendants in their answer, it would have been conclusive in the defendants’ favor, since we should be bound to give to that judgment the same force and effect which it would have if that action were prosecuted in Louisiana for the taking of the same goods.
But it is entirely certain that a judgment of nonsuit in our own courts does not, by the laws of this State, prevent another action founded upon the same claim which the party had set up in the action wherein the nonsuit was ordered.
It is further entirely certain that the merits of the controversy between these parties have not in fact been tried. Whether the plaintiff was or was not the owner of the goods taken under the defendants’ attachment, has not been ascertained or settled upon any proofs taken and submitted to the Louisiana Court.
The most that has been done is this: The plaintiff set up his claim of title, and had an opportunity .to establish it by proof, but chose to retire from the contest, offer no evidence, and submit to be nonsuited.
The objection to ‘the present motion rests mainly on two grounds alleged by. the plaintiff in resistance of the motion: First, that a judgment of nonsuit is not, by the laws of Louisiana, a bar to another independent action for the same goods, and therefore, (such a judgment not being a bar by our laws,) to grant the motion would be to permit the defendants to embarrass the litigation by setting up an insufficient defense, and. at the-same time subject the. plaintiff to great expense and delay in procuring testimony to show what the law- of Louisiana is on the subject. And second, if it be possible that, by the laws of Louisiana, a judgment of nonsuit entered upon such an intervention as .appears, by. the record of the proceedings there, is by their *641 laws a bar to another action, the law is harsh and inequitable, and operates to deprive a party of his property by a merely technical rule, when the merits of his claim have never been investigated.
As to the first objection, the affidavits submitted are contradictory, and it is not clearly shown that, by the laws of Louisiana, their judgment does not bar a new suit, and yet I shall deem it very extraordinary if so marked an exception to the rules which apply to that subject, wherever the common law prevails, be found to exist by the laws governing the conduct of judicial proceedings in that State. Especially, since I think it quite clear that in general a judgment of nonsuit in one action is no bar to another suit for the same cause, by the express provisions of their Code. Nor can I perceive any reason why a nonsuit, ordered upon such an intervention as was had under the proceedings on attachment against the third person, should conclude the plaintiff any more than a like judgment in an action for the taking of the goods would have done.
But I do not deem it proper to try this question upon aflfida- , vits. Whether the nonsuit is or is not a legal defense, is not a mere question of law which I can judicially declare. It must depend on proof of the foreign law, and may, under proper instructions, be a question for a jury. I must, therefore, decline deciding this motion on an assumption that the defense sought to be interposed will be insufficient. As to the other objection, viz.: that if the defense be strictly legal it is not equitable, and therefore, since the defendants cannot interpose it without the express leave of the Court, that leave should be withheld, two observations are pertinent.
Although it is true that a judgment of nonsuit does not necessarily determine the rights of the parties, and in this case no actual investigation of those rights has ever been had, yet, if the plaintiff has once set up his title in a court of justice, and had full opportunity to establish his rights, (if they.exist,) and has put the defendants to the labor and expense of preparation to show that the plaintiff has no such rights or title, and they had procured and had ready the evidence in Court for that purpose, it is not clearly and inevitably unjust to deny to the plaintiff the privilege of withdrawing and afterwards vexing the *642 defendants by a new suit for the same cause of action. And if by the laws of Louisiana, the failure of the plaintiff to offer any proof of his claim, and the judgment for the defendants thereupon will conclude him, I cannot say that it is palpably unjust and inequitable to permit the defendants to avail themselves of that protection.
Again, prior to the enactment of our Code of Procedure, the defendants would have been entitled, as of course, to interpose this defense by plea puis darrein continuance. Although the plea was in form by- leave of Court, yet it was so in form only. By long settled practice, if the plea was duly verified, was offered in due -season, and was not palpably insufficient or pleaded for delay, it was received of course. I cannot think that, in respect to matters which might before have been properly set up by plea puis darrein'continuance, and which are offered in proper season, the Code was designed to alter the rule so as to leave the reception of the plea open to a larger discretion than the Courts previously exercised on the same subject. When such a plea would, on motion, have been ordered off the files, on the ground of fraud or gross injustice, the Court may now refuse to receive it as a supplemental answer; but under the circumstances of this case, I have no doubt the plea now proposed would have been received.
But it was well settled that, where a plea puis darrein continuance set up new'matter in defense of the action, and, not going to the plaintiff’s remedy merely, it waived the former plea.
The manner in which provision is now made for filing supplemental answers, has made it doubtful, at least, whether such answers are not in all cases (unless the Court otherwise orders) to be deemed an addition to, and not substitutes for, the previous answers. But I have no doubt of the power of the Court to impose it as a condition that the defendants shall, if they interpose this new defense, submit to the same consequences which would have followed a plea of the same matter, puis darrein continuance, before the Code.
And this is a case in which it - is peculiarly proper to impose such terms. If the defendants be permitted to avail themselves of what was matter of right under our former system, they may properly be required to submit to the same consequence which *643 would have followed under that system, if they exercised the right.
Notwithstanding what has been above suggested, I deem the defense one of such doubtful equity, and also of such doubtful sufficiency, that it is proper to require the defendants, if they insist upon it as a defense, to rest upon that defense alone, and take the hazard of sustaining it. The motion is, therefore, granted, with $10 costs of motion to either party to abide the event of the suit, on condition that the defendants waive their previous defense.